Laurice and Elizabeth **WILLIAMS**

v.

**BOISE CASCADE CORPORATION.**

Supreme Judicial Court of Maine.

Argued March 4, 1986.

Decided March 31, 1986.

Berman, Simmons & Goldberg, P.A., John F. Macri, (orally), John E. Sedgewick, Lewiston, for plaintiffs.

Hunt, Thompson & Bowie, James E. Bowie (orally), Portland, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiffs Laurice and Elizabeth Williams appeal from a judgment for defendant Boise Cascade Corporation entered upon a jury verdict in Superior Court (Oxford County). They argue *inter alia* that the court erred in failing to instruct the jury that defendant had a duty to warn plaintiff Laurice Williams about known or obvious dangers. We agree and we vacate the judgment.

Plaintiff Laurice Williams, a tradesman with a variety of experience, testified at trial that he was hired in June 1983 by Abington Constructors, Inc. to work as a millwright. Each year in July, defendant

Boise Cascade Corp. shuts down its Rumford paper machines for two days to effect repairs and to install new equipment. Abington was awarded a contract to install braking devices during the July 1983 shutdown on the coater backing rolls of defendant's number 15 paper machine. Williams arrived at the Rumford mill at about 6:30 a.m. on July 4, 1983, ready to begin work. Williams said that he was assigned to work specifically on the brake job at about 9:00 or 9:30 that morning.

As he walked into the building that contained the number 15 machine, he noticed that the floor was wet and that the building was in darkness. The area immediately surrounding the site of the brake job was illuminated by a single spotlight. The shaft to which the braking device was to be attached sat atop a three-foot high concrete pad. Williams stepped up onto this pad to examine the shaft, which had to be removed so that the brake could be installed. He noticed some wet paper on the pad and removed it as he stepped up. He climbed down to get a tool and when he attempted to climb back up onto the pad, his foot slipped and he fell on his back and was injured.

Two Boise Cascade employees testified at trial that the floor around the concrete pad where Williams was injured was damp on the morning of July 4. One employee, the superintendent of machine number 15, said that the machine was usually hosed down with water once during each shift and cleaned more thoroughly during shutdowns. He testified that he saw no scraps of paper in the area where Williams was injured. The other Boise Cascade employee, a project engineer, testified that the building's main lighting system was shut off on July 4 and that contractors were responsible for providing their own lighting for their respective jobs. The jury found no negligence on the part of Boise Cascade and plaintiffs appeal from the verdict.

Plaintiffs argue that the court's instruction is prejudicial because it failed to inform the jury that Boise Cascade might have had a duty to warn Williams about known or obvious dangers within the mill or to take precautionary measures. Over plaintiffs' objection, the court paraphrased section 343A(1) of the Restatement (Second) of Torts and instructed the jury that "[a] building owner does not have a duty to warn a worker about dangers which are known to the worker or are so obvious to him that he may reasonably be expected to discover them." Plaintiffs contend that the instruction is erroneous in that it does not accurately articulate Boise Cascade's duty to Williams.

■ The Restatement provides that:

[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Restatement (Second) of Torts § 343A(1) (1965).[1] The instruction indeed failed to inform the jury that a duty to warn or take other action will arise if the landowner should anticipate that harm would befall an invitee despite the invitee's knowledge of the dangerous condition or despite the obviousness of the condition. The degree to which the danger is obvious is not "conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." *Id.* § 343A comment f. Despite the obvious nature of the dangerous condition and the knowledge of the invitee, the landowner may have a duty to warn or take other action if he should anticipate that the invitee will nevertheless encounter the condition because it is advantageous to do so, or if he should anticipate that the invitee is likely to be distracted. *Id.*

499 A.2d 464, 467 (Me.1985).

---

**1.** We have applied section 343A(1) in previous cases. *E.g. Baker v. Mid Maine Medical Center,*

██ The instruction in this case is erroneous because the court in effect told the jury that there was no duty to warn if the danger was so obvious that Williams might have discovered it. In addition, the instruction erroneously suggests that Boise Cascade's obligation was limited to providing warnings, whereas the Restatement contemplates that a landowner may be required to take other steps to protect its invitees. *See id.* the court's instruction precluded the jury from determining whether, under the circumstances of this case, Boise Cascade should have warned Williams or should have taken other precautions to protect him.

The entry is:

Judgment vacated.

Remanded to the Superior Court for futher proceedings consistent with the opinion herein.

All concurring.