STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-072
GAB - YOR - 6/12/2001

STEVEN MARBLE,

Plaintiff

v.

ORDER

CUMBERLAND FARMS, INC.,

Defendant

Pending is Defendant's Motion for Summary Judgment. Following hearing, the Motion is Denied.

## FACTUAL BACKGROUND

On December 7, 1998, at approximately 7:00 p.m., Plaintiff Steven Marble was a customer at one of Cumberland Farms' stores, located at Main and Emery Streets, Sanford, Maine. DSMF ¶ 1, Complaint ¶ 3. Marble had filled his truck with gas and then entered Cumberland Farms via the left-hand door to pay. DSMF ¶ 4. Marble paid for the gas and proceeded to exit through the right-hand door. DSMF ¶ 5. As he stepped from the sidewalk he tripped over curbing that was bright yellow and positioned in front of the door. DSMF ¶ 8, Complaint ¶ 4. This curbing was located below the sidewalk on the asphalt parking lot, in front of the doorway. PSMF ¶16. The curbing had been placed there on December 7, 1998. PSMF ¶ 14. There were no signs notifying customers that the curbing had been installed.

Nothing was blocking Marble's view of the curbing. DSMF ¶ 11. The lighting was adequate to see the curbing. **Id.** Weather conditions did not play a role in causing Marble's fall. **Id.** The curbing was removed on December 9, 1998. PSMF ¶ 15. In a one count complaint, Marble alleges that Cumberland Farms was negligent in placing the barrier immediately outside the door and as a result of this negligence, Marble suffered severe and permanent injuries.

Defendant argues that the standard of care owed by the Defendant in this case is limited because the condition of the premises that the Plaintiff alleges caused his injuries was an obvious condition. The bright yellow curbing in the Defendant's parking lot was an open and obvious condition. There was nothing blocking the Plaintiff's view of the curbing and the lighting was adequate to see it. Although there are exceptions where a possessor of land should take action with respect to obvious conditions, none of the exceptions are applicable. Plaintiff had a duty to see that which was open and apparent to any prudent person.

Plaintiff argues that the Defendant had a duty to use reasonable care to prevent risks arising even from known and obvious conditions on the land that the possessor should reasonably anticipate causing harm to others despite such knowledge or obviousness. Whether or not the Defendant should have reasonably anticipated harm being caused as a result of the curbing is a factual question, and therefore not amenable to summary judgment.

In this case, it was reasonable to anticipate that the placement of a low piece of curbing a few feet from the sidewalk and directly in the path of ingress and egress,

and beneath people's immediate line of sight would potentially cause harm. Many customers exit the convenience store with a bag of groceries, making looking down and noticing the unexpected curbing virtually impossible. The act of stopping at a convenience store to get gasoline is such a routine gesture for so many people that they often give it little or no thought, and would never think to inspect the ground directly in front of them.

## DISCUSSION

The standard of ordinary care is a variable one and whether the standard of care required in a given case has been met is ordinarily a question of fact for the jury. Baker v. Mid Maine Medical Center, 499 A.2d 464, 467 (Me. 1985). In Isaacson v. Husson College, 297 A.2d 98, 105 (Me. 1972) the Law Court adopted the RESTATEMENT (SECOND) OF TORTS § 343A(1)(1965) which provides that: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor would anticipate the harm despite such knowledge or obviousness."

Reasonable care on the part of the possessor "does not ordinarily require precautions, or ever warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them." RESTATEMENT (SECOND) TORTS § 343A, comment e. However, with respect to obvious conditions, there are exceptions to this general rule. Comment f states:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This

3

duty may require him to warn the invitee or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Such reason to expect harm to the visitor from known or obvious dangers may arise, *for example*, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases, the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonable under the circumstances. (italics added).

The issue in this case, therefore, is whether the defendants should have reasonably anticipated harm despite the obviousness of the parking curb. In part, the dispute in the present case involves the interpretation of comment f to § 343A. Defendant refers to the exceptions noted in comment f as "limited exceptions" and argues that because none of these exceptions are applicable to the present case, Defendant had no duty to take any precautions in regard to the readily apparent curb. Plaintiff argues that a duty may be imposed outside the limited list of exceptions delineated in comment f, and that the exceptions listed in this comment are not intended to be exhaustive. Plaintiff's interpretation would appear to be correct. The plain language of comment f indicates that the examples given do not represent an exhaustive list of exceptions to the general rule that a possessor of land is not liable for obvious conditions on the land.

As well, cases cited by Defendant do not conclusively support their position. First, in Isaacson v. Husson College, 297 A.2d 98 (Me. 1972), an action was brought against Husson College by a resident student when, while returning from an

4

evening meal, he slipped on an icy patch on a campus walkway. The plaintiff knew the pathway was slippery. The Law Court noted that other courts had held that the owner or occupier of property has no greater duty to prevent injury than the invitee has to protect himself when the danger involved is universally known and is equally apparent to each party. Id. at 104. However, the Law Court declined to adopt this doctrine "which automatically relieves the owner or occupier of land from any duty of care to his business invitee by reason of the invitee's knowledge of the generally dangerous condition of the land." Id.

In Williams v. Boise-Cascade Corp., 507 A.2d 576 (Me. 1986), the plaintiff slipped on a damp floor while working at defendant's property. The plaintiff knew prior to commencing work that the floor was wet. Over plaintiff's objection, the court instructed the jury that "[a] building owner does not have a duty to warn a worker about dangers which are known to the worker or are so obvious to him that he may reasonably be expected to discover them." Id. at 577. The jury returned a verdict for the defendant. On appeal, the Law Court agreed with the plaintiff that the jury should have been instructed that a duty to warn or take other action will arise if the landowner should anticipate that harm would befall an invitee despite the invitee's knowledge of the dangerous condition. The Court stated that '[t]he degree to which the danger is obvious is not 'conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.'" Id. (citing RESTATEMENT (SECOND) TORTS § 343A, comment f).

5

In Poirer v. Hayes, 466 A.2d 1261 (Me. 1983), the plaintiff, a pedestrian, was injured when struck by defendant's vehicle. When the accident occurred, Plaintiff was walking along the edge of the roadway, was wearing dark clothing and was quite intoxicated. At the conclusion of the plaintiff's case, the court directed a verdict in favor of the defendant. Id. at 1263. The Law Court vacated and remanded. The Court held that there was sufficient evidence of defendant's negligence to warrant submitting the issue to the jury. The Law Court stated that "[a] driver has a duty to see that which is 'open and apparent' to any prudent person." Id. at 1264. In the present case, defendant has cited this language to support its position that a plaintiff has a duty to see that which is open and apparent to a prudent person. Although this is a correct statement of the law, it does not resolve the question of what standard of care was owed to the plaintiff by the defendant in this case.

Plaintiffs have offered one case in support of their position. In Colvin v. A R Cable Services, 697 A.2d 1289 (Me. 1997), the plaintiff, a manager of an apartment building, was injured when he fell on an exterior stairway leading the building. As he was climbing the stairs, his knee struck defendant's utility service box mounted on the exterior of the building adjacent to the steps. Id. at 1290. Plaintiff was aware of the existence of this box. Defendant argued, based on RESTATEMENT (SECOND) TORTS § 343A, that they could not be liable because the utility box was a known and obvious condition. However, the Law Court stated that § 343A does not express a "no duty" rule. Id. at 1291. Rather, the rule "imposes on the possessor of land a duty to use reasonable care to prevent risks arising from known and obvious

6

conditions on the land that the possessor should reasonably anticipate causing harm to others despite such knowledge or obviousness." Id. The Court concluded that the evidence, viewed in the light most favorable to the plaintiff, did not compel the conclusion that a reasonably prudent person should not have anticipated harm to persons using the stairway despite the known or obvious danger presented by the utility box. Id.

The above cases and § 343A do not create a "no duty" rule with limited exceptions. Rather, a possessor of land has a duty to use reasonable care to prevent risks arising from obvious conditions that the possessor should reasonably anticipate causing harm despite the obviousness of the condition. The facts presented in this case, like Colvin, do not compel the conclusion that, as a matter of law, a reasonably prudent person should not have anticipated harm to persons tripping over the parking curb despite the obviousness of the curb. It may have been reasonable to anticipate that the placement of a low piece of curbing a few feet from the sidewalk, directly in the path of the exit and beneath people's immediate line of sight upon leaving the store would potentially cause harm. Defendant's Motion for Summary Judgment should therefore be denied.

The clerk may incorporate this order in the docket by reference.


Dated:        June 18, 2001

PLAINTIFF:
Randall Smith, Esq.
SMITH ELLIOTT SMITH AND GARMEY
PO Box 1179
Saco Me 04072-1179

DEFENDANT:
David Herzer, Esq.
NORMAN HANSON AND DETROY
PO Box 4600
Portland Me 04112-4600

G. Arthur Brennan
Justice, Superior Court

7