**Randall HANSON**

v.

**MADISON PAPER COMPANY**

**and**

**Raymond Moody.**

Supreme Judicial Court of Maine.

Argued Oct. 4, 1989.

Decided Oct. 20, 1989.

Christopher C. Nyhan (orally), Craig T. Beling, Jeffrey R. Burns, Preti, Flaherty, Beliveau & Pachios, Portland, for plaintiff.

James M. Bowie (orally), Hunt, Thompson & Bowie, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

In this case we conclude that a jury instruction incorrectly stated the duty of care a business owes an invitee on its premises and that the error was not harmless. We therefore vacate the judgment of the Superior Court (Oxford County, *Delahanty, J.*) and remand for a new trial.

On October 17, 1983, the plaintiff, Randall Hanson, was delivering pulpwood to Madison Paper Company. While on Company property, he was accidentally pushed from the top of his pulp truck by a crane operated by Raymond Moody, an employee of the Company. Hanson landed on a concrete pad, fracturing his left elbow and lacerating his face. He now has a 25 percent impairment to his elbow. Hanson filed a complaint against Madison Paper Company and Moody alleging negligence. Following a two day trial, the jury returned a special verdict finding both the plaintiff and the defendants negligent. The jury valued the plaintiff's total damages at

$710,000 and awarded him $674,500. The defendants appeal the judgment, arguing that the jury instructions improperly expanded their duty of care and that the damage award was excessive.

■ The Superior Court instructed the jury that "[t]he Defendant was obligated to conduct its work and its business, including operation of the crane, in such a manner that it would not cause injury or damage to the Plaintiff or any other person who is lawfully upon the premises." [1] This instruction was plainly incorrect because it imposed upon the defendants the obligation to guarantee the absolute safety of the plaintiff. Our cases make clear that the defendants owed the plaintiff only a duty to use "ordinary care to ensure that the premises were reasonably safe.... guarding him against all reasonably foreseeable dangers, in light of the totality of the circumstances." *See Baker v. Mid Maine Medical Center*, 499 A.2d 464, 467 (Me. 1985). The defendants were not required to provide the plaintiff with premises completely free of all hazards or risks of harm. *See Orr v. First Nat'l Stores*, 280 A.2d 785, 797 (Me.1971). The defendants' counsel appropriately challenged the court's instruction and the trial court agreed that the defendants were not the guarantors of the plaintiff's safety, but it declined to issue a corrective instruction to the jury. The court apparently believed that in con-

text the instruction would not lead the jury to hold the defendants to a standard higher than ordinary care.

■ After considering the jury instructions in their entirety, *Desmond v. Wilson*, 143 Me. 262, 267, 60 A.2d 782, 785 (1948), we cannot conclude that they "inform[ed] the jury correctly and fairly in all necessary respects of the governing law." *See Eckenrode v. Heritage Management Corp.*, 480 A.2d 759, 763 (Me.1984). Other instructions that properly defined the duty of care could have been construed by the jury to apply to assessment of the plaintiff's comparative negligence and not to modify the erroneous instruction. We cannot say that the error was harmless. *See id.* at 763–64.

We therefore vacate the judgment and remand for a new trial. We do not reach the issue of excessive damages.

The entry is:

Judgment vacated. Remanded for further proceedings.

All concurring.

---

**1.** The Superior Court, without objection, earlier instructed the jury "we refer to two Defendants; but for our purposes here today, they act as one."