2001 ME 33

Dale COFFIN

v.

LARIAT ASSOCIATES et al.

Supreme Judicial Court of Maine.

Submitted on briefs: Oct. 26, 2000.
Decided Feb.: 20, 2001.

Sheldon J. Tepler, Hardy Wolf & Downing, P.A., Lewiston, for plaintiff.

Elizabeth A. Germani, Germani & Riggle, LLC, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Dale Coffin appeals from a summary judgment entered in the Superior Court (Oxford County, Gorman, J.) in favor of Lariat Associates and Richard Foye. Coffin contends that the court erred (1) in determining that there was not a genuine issue of material fact concerning whether Lariat owed him a duty, and (2) in concluding that Lariat did not breach a duty of care owed. Finding no error, we affirm the judgment.

[¶ 2] Coffin was involved in an accident on land adjacent to the Johnson Mobile Home Park in Oxford while preparing a mobile home for transport. He had been employed by a transport company to remove the mobile home from the land. Lariat operates Johnson Park and owns the land on which the mobile home involved was temporarily situated. Foye, a Lariat employee at the time, managed Johnson Park.

[¶ 3] Lariat did not own the mobile home, transport it, or set it up when it arrived on its land. The owner of the mobile home received permission from Lariat to place the mobile home near Johnson Park in exchange for a storage fee.[1] Coffin had permission to go on the land to attach the mobile home to his truck and transport it to a location off the property. When he arrived at the park, the snow in front of the mobile home had been plowed, and the land where the mobile home sat was level.

[¶ 4] Coffin observed that one side of the mobile home was trigged.[2] He did not check the other side and was not aware that it had not been trigged. Normally Coffin would put trigs in place if they were not set when he worked on a mobile home. Preparing the mobile home for transport,

Coffin touched the latch and the trailer shifted sideways, landing on his foot. Coffin sustained a crush injury to his right foot. There is no evidence that anyone besides Coffin and his partner were present when the accident occurred.

[¶ 5] Coffin brought a complaint in the Superior Court against Lariat, alleging that (1) Lariat owed him a duty to exercise reasonable care over the premises to keep it safe for his use, (2) it knew or had reason to know of the unsafe setup of the mobile home, (3) it breached its duty to provide reasonably safe premises and to warn of danger, and (4) Coffin's injuries resulted from this breach. Coffin also alleged negligence against Foye.

[¶ 6] The court granted a summary judgment to the defendants, noting that Coffin made no allegation that the land was unsafe, and concluding that they owed no duty to Coffin regarding the mobile home itself. Coffin filed this appeal.

[¶ 7] We review a trial court's entry of a summary judgment for errors of law, viewing the evidence in a light most favorable to the party against whom a summary judgment has been entered, to determine if the prevailing party is entitled to a judgment as a matter of law. *Button v. Peoples Heritage Sav. Bank,* 666 A.2d 120, 122 (Me.1995). We will affirm the entry of a summary judgment if there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Steeves v. Bernstein, Shur, Sawyer & Nelson, P.C.,* 1998 ME 210, ¶ 11, 718 A.2d 186, 190. To defeat a summary judgment motion, the plaintiff must establish a prima facie case

---

1. Ricker Associates and A–1 Crane Corporation transported the mobile home onto Lariat's property. The complaint included counts against them, alleging that they had a duty to park, immobilize, and stabilize the mobile home in a reasonably safe manner. Both counts were dismissed.

2. To trig is "to prevent (a wheel, cask, etc.) from rolling by placing a wedge, stone, etc." NEW WORLD DICTIONARY (2d ed.1978).

for each element of his cause of action that is challenged by the defendant.

[¶ 8] A landowner owes a duty of reasonable care to provide safe premises to all persons lawfully on the land, and a duty to use ordinary care to ensure the premises are safe and to guard against all reasonably foreseeable dangers, in light of the totality of the circumstances. *Hanson v. Madison Paper Co.*, 564 A.2d 1178, 1179 (Me.1989); *Baker v. Mid Maine Med. Ctr.*, 499 A.2d 464, 467 (Me.1985). The duty also includes the exercise of reasonable care to prevent harm caused by third persons. *Baker*, 499 A.2d at 469. But see *Hodgdon v. Jones*, 538 A.2d 281, 283 (Me. 1988) (relieving homeowner of duty to warn laborers working under independent contractor's supervision of increased risk of injury caused by renovation work on the home). A landowner is not obliged to guarantee absolute safety, but is required to supply a reasonably safe place, guarding against all reasonably foreseeable dangers as the circumstances indicate. *Hanson*, 564 A.2d at 1179.

[¶ 9] Coffin does not allege that the land on which the mobile home sat was defective or dangerous. Rather, he alleges that the mobile home was in a dangerous condition sitting on the land because it had not been properly set up on the property by the party that placed it there.

[¶ 10] Although Lariat did not place the mobile home on the property, Coffin relies on a statement made by Foye to a private investigator hired by Coffin's attorney to establish that Foye knew that the mobile home was improperly set up on the property, that Lariat, as Foye's employer, was charged with that knowledge, and that the defendants had a duty to warn of that danger. The private investigator asserts that Foye said that the mobile home "didn't look as if it had been left in a stable condition" and that the set-up overall appeared to be "Mickey Mouse." Foye does not recall making a statement on the stability of the mobile home, and he testified

that his "Mickey Mouse" comment referred to Coffin's method of preparing the mobile home for transport based on his assessment of the condition of the sight after the accident. We have to construe the statement, however, in the light most favorable to Coffin. *Machias Sav. Bank v. Longfellow*, 662 A.2d 235, 237 (Me.1995).

[¶ 11] When we do so, Coffin's evidence is insufficient to withstand the motion for a summary judgment. At most, the knowledge that can be inferred from Foye's statement, and thus attributed to Lariat, is that the mobile home was in some sort of unstable condition on the ground. Because there is no evidence that Foye made any kind of close inspection of the mobile home, whatever made it appear to him to be unstable, or "Mickey Mouse," could not have been a hidden or latent condition.

[¶ 12] A landowner has no duty to warn invitees of open and obvious dangers on the property unless the possessor should anticipate the harm despite the knowledge or obviousness of the harm to the invitee. *Williams v. Boise Cascade Corp.*, 507 A.2d 576, 577 (Me.1986) (citing the Restatement (Second) of Torts § 343A(1) (1965)).

[¶ 13] In the circumstances of this case, the defendants cannot be held to a duty to warn about an open and obvious condition of the mobile home to someone like Coffin, who was in the business of transporting and setting up mobile homes. Indeed, Coffin does not allege that the cause of his injury was hidden, or that he should not have been aware of its existence. The mobile home did not shift and fall on his leg until he commenced the work of preparing it for transport. Coffin did not check to see if both sides of the mobile home were trigged before starting the operation, even though he admitted that it is the normal practice of someone in his business to do so. The defendants cannot be held to a standard that requires them to have anticipated that Coffin would proceed to prepare the mobile home for transport without checking to see that it was properly trigged. The Superior Court correctly

concluded as a matter of law that the defendants had no duty to warn Coffin of the condition of the mobile home, and properly entered a summary judgment.

The entry is:

Judgment affirmed.