DONALD L. GARBRECHT
LAW LIBRARY

MAR 18 2002

STATE OF MAINE            SUPERIOR COURT
PENOBSCOT, SS.            Docket No. CV-99-257
AMM - PEN - 3/7/2002

LORETTA PAULUS,      )
         Plaintiff,      )
                 )
      v.             )     **DECISION AND JUDGMENT**
                 )
PAUL M. MILLER, INC.,      )
         Defendant.      )

FILED AND ENTERED
SUPERIOR COURT

MAR 07 2002

PENOBSCOT COUNTY

FINDINGS

The Defendant operates a gasoline filling station and convenience store on Route 1A in Holden, Maine. Three pumps are located on a concrete pad in front of the store. A canopy covers the approximate area of the pad. The concrete pad is surrounded by asphalt paving around its entire perimeter. The concrete pad extends from one inch to one and one half inchs above the grade of the asphalt paving. The top, outermost edge of the pad is slightly beveled. The physical condition of the premises is well documented in the photographic exhibits. The existence of the grade differential is not latent in any aspect - it is there for all the world to see.

On May 7, 1997, Plaintiff stopped at Defendant's store to refuel her rented vehicle. She reports that she pulled up to the set of pumps furthest from the store. After discovering that her filler cap was not located on the driver's side, she repositioned her vehicle with the passenger side beside the pumps at the pumps closest to the store. As another car was at the same pump bank, she was forced to park her vehicle somewhat back from the ideal position beside the pump.

She exited the vehicle and was preparing to use the self-service pumps. She is not quite certain how she came to be toward the rear of her vehicle,[1] but claims that she stepped, and felt like she was stepping "... into a hole...". She fell to the ground and sustained significant injury to her ankle. She asserts that the fall was occasioned by stepping from the higher grade of the concrete pad onto the lower grade of the asphalt paving.

---

[1] - Logic suggest only two alternatives: after exiting the driver's side of the vehicle, she had to pass either the front or the rear of the vehicle.

Plaintiff asserts that the Defendant was negligent in allowing the grade differential to exist as it constituted an unreasonably dangerous condition upon the premises. She seeks damages for her injuries.

Defendant disputes the location of the fall. Defendant offers testimony of a witness who went to Plaintiff's aid after she fell. This witness places Plaintiff's vehicle in an entirely different location - a location which would make the Plaintiff's account of the incident impossible. She further reports that Plaintiff was on the ground toward the middle of the concrete pad (consistent with the witnesses' testimony regarding the location of the vehicle), not at all near the location which the Plaintiff reported. Defendant further offers an admission by the Plaintiff to the ambulance attendant that "...she was about to pump gas when she turned to the pump and twisted her ankle falling to the ground..." and that the ankle felt like it "...popped off...". The ambulance attendant insists that the words were the Plaintiff's own, and that she has not paraphrased or interpreted them.

Plaintiff's injuries are significant. She has incurred medical bills of $12,923.35 and sustained a loss of income. She has certainly suffered conscious pain and suffering.

Plaintiff offered the testimony of John W. Mroszczyk, a professional engineer, who testified during direct examination that grade differential in excess of one half inch constitute a tripping hazard.[2] During cross-examination he expanded his opinion to suggest that such a differential also would produce a danger of misstepping - a pedestrian could be surprised by the difference in grade and might fall.

CONCLUSIONS OF LAW

A person (or corporation) in the circumstances of the Defendant is not required to insure or guarantee the safety of persons present on the premises. Rather, the person who owns or controls the premises is under an obligation to exercise reasonable care to provide premises that are reasonably safe, and that person had a duty to exercise ordinary care (1)

---

2 - The evidence in this case does not suggest that a tripping occurred.

to ensure that the premises are safe and (2) to guard against all reasonably foreseeable dangers, in light of the totality of the circumstances. <u>Coffin v. Lariat Associates</u>, 2001 ME 33, ¶ 7 (2-20-01). A person has the duty to use reasonable care for their own safety and protection.

## DECISION

The court finds the Plaintiff's account of the incident to be credible. The court finds, by a preponderance of the evidence, that Defendant was negligent and that such negligence was a proximate cause of the Plaintiff's injuries. However, the court also finds, by a preponderance of the evidence, that the Plaintiff was also negligent and that such negligence was a proximate cause of her injuries. Finally, the court finds that the negligence of the Plaintiff was equal to, or greater than, the negligence of the Defendant. Under such circumstances, Maine law bars recovery by the Plaintiff. As such, Judgment must be rendered in favor of the Defendant on the Complaint.

## JUDGMENT

Judgment is rendered in favor of the Defendant on the Complaint. The court declines to award costs to either party.

**The Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).**

Dated: March 7, 2002

_____
JUSTICE, SUPERIOR COURT
Andrew M. Mead

Date Filed ___12/23/99___   ___PENOBSCOT___   Docket No. _____ CV-99-257

County

Action _PERSONAL INJURY_____

JUSTICE FRANCIS S. MARSANO ASSIGNED
**RE-ASSIGNED TO JUSTICE ANDREW M. MEAD**

LORETTA PAULUS                vs.      PAUL M. MILLER, INC.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| CHARLES GILBERT ESQ<br>P O BOX 2339  - 82 Columbia Street<br>BANGOR ME 04402-2339 | CARL F RELLA ESQ<br>P O BOX 2700<br>BANGOR MAINE 04402 2700 |

| Date of Entry | |
|---|---|
| 12/23/99 | Complaint filed. |
| 12/23/99 | Notice and Acknowledgment of Receipt of Summons and Complaint filed. (s.d. 12/17/99 by Joel Dearborn, Esq.) |
| 12/23/99 | Notification of Discovery Service filed by Plaintiff, First Set of Interrogatories to Defendant. |
| 12/23/99 | Case File Notice Postcard forwarded to Plaintiff's counsel. |
| 1/4/00 | Defendant's Answer to Plaintiff's Complaint filed. |
| 1/4/00 | Notification of Discovery Service filed by Defendant:  Interrogatories Propounded to Plaintiff by Defendant. |
| 1/6/00 | Scheduling Order (M.R.Civ.P. 16(a)) filed.  The entry will be: Scheduling Order filed.  Discovery deadline is October 1, 2000. (Marsano, J) Copy forwarded to attorneys of record. |
| 1/19/00 | Notification of Discovery Service filed by Plaintiff, First Request for Admissions propounded to Defendant. |
| 2/7/00 | Notification of Discovery Service filed by Plaintiff, Answers to Interrogatories by Defendant. |
| 3/7/00 | Notification of Discovery Service filed by Defendant:  Defendant's Answers to Interrogatories Propounded by Plaintiff. |
| 3/10/00 | Notification of Discovery Service filed by Plaintiff:  Plaintiff's Request for Production of Documents Propounded to Defendant. |