STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-338

~~GAE ~~ ~~)f~~ ~~Ir~~

BETH CHIANCA,

Plaintiff

v.

**ORDER**

VALERIE S. HANNAH, et al.,

Defendants

~~DONALD L GARBRECHT~~
~~LAW LIBRARY~~

This matter comes before the Court on Defendant Hannah's Motion for Summary Judgment pursuant to M.R. Civ. P. 56. Following hearing, the motion is Granted.

## FACTUAL BACKGROUND

Plaintiff Elizabeth Chianca ("Chianca"), a Massachusetts resident, fell while visiting Defendant Kimbark Smith ("Smith"), a Massachusetts resident, at 15 Casco Drive in Ocean Park, Maine. Smith leased the Casco Drive property, described as a "summer cottage," from Defendant Valerie Hannah ("Hannah"), a Maryland resident.[1] Smith's lease was a rent-to-own agreement that was to run from April 2004 to March 2008, with an option for Smith to buy the property at the end of the term. The agreement required Smith to maintain the premises.[2] Hannah's responsibilities included payment of taxes and insurance, and approval of changes Smith might make to the property; apparently, she did not personally enter the house after leasing it.

---

[1] Hannah is elderly and primarily manages her affairs through her daughter, Judith Hannah, under a 1999 power of attorney.

[2] 2004 Lease and Purchase Agreement, ¶ 8.

On September 4, 2004, Chianca went to visit Smith's cottage with her sister, who was his friend. When she arrived, Smith put her bags in her bedroom. Chianca entered the kitchen, with her sister and Smith nearby. Ten to fifteen minutes after arriving, Chianca walked through a doorway located off of the kitchen to enter the porch. As she stepped down from the kitchen to the porch, Chianca fell between the two areas, injuring her ankle. Chianca claims that there is an approximately twelve to fourteen inch drop-off between the kitchen floor and porch, and that the drop-off was not obvious to her before she fell. Also, she argues that there should have been an additional step or a railing due to the distance between the kitchen and porch floors. After her fall, Smith took her to Southern Maine Medical Center, where she remained for several days. Chianca alleges that, as a result of her fall, she sustained a fractured ankle and other injuries, which required her to undergo forty-five physical therapy appointments, along with five visits to an orthopedic surgeon. Chianca is still in treatment and experiences chronic pain; she states that she may have permanent damage to her ankle, impacting her gait. To date, she has incurred approximately $30,000 in medical expenses. As a result of her injuries, Chianca also claims that she has incurred lost wages in the amount of $4,756.78.

On November 3, 2005, Chianca filed a complaint for premises liability against Hannah and Smith, which she amended on November 10. Defendant Hannah was served on December 16 and filed her answer and affirmative defenses three days later.[3] She raised the affirmative defenses of comparative fault, failure to mitigate damages, a preexisting condition that proximately caused the harm, and intervening or

___

[3] Plaintiff was unable to locate and serve Smith until recently, so he has not yet participated fully in this litigation. Plaintiff's counsel had filed an affidavit stating that he has reason to believe Smith evaded service. This Court approved service upon Smith by publication. Smith filed an answer and affirmative defenses on November 14, 2006. He also filed a cross-claim against Hannah for contribution and indemnification.

superseding causes. Hannah now moves for summary judgment, contending that she is not liable for Chianca's injuries because the premises "were within the exclusive possession and control" of Smith.[4]

## DISCUSSION

### 1. Summary judgment standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845.

### 2. Premises Liability.

Premises liability claims are based on the theory that a property owner may be liable if she breaches her duty of care to keep the premises reasonably safe for invitees. Landlords, however, "generally [are] not liable for a dangerous condition that comes into being after the lessee takes exclusive possession and control of the premises." *Stewart v. Aldrich*, 2002 ME 16, ¶ 10, 788 A.2d 603, 606. There are three exceptions, however, when a landlord may be liable for "dangerous or defective conditions" on leased premises: (1) if the tenant is unaware of the latent condition and the landlord fails to disclose it; (2) if the landlord undertakes repairs and conducts them negligently; or (3) if the landlord has expressly warranted that he or she will maintain the premises.

---

[4] Defendant Hannah's Motion for Summary Judgment, p. 1.

3

*Nichols v. Marsden*, 483 A.2d 341, 343 (Me. 1984). Moreover, "[a] landowner has no duty to warn invitees of open and obvious dangers on the property unless the possessor should anticipate the harm despite the knowledge or obviousness of the harm to the invitee." *Coffin v. Lariat Assocs.*, 2001 ME 33, ¶ 12, 766 A.2d 1018, 1020 (citations omitted).[5]

There are no genuine issues of material fact regarding the circumstances of Chainca's fall. The primary subject of contention is the question of whether it is the landlord or the tenant who may face liability in this situation. None of the *Nichols* exceptions apply here. Hannah did not negligently undertake any repairs, nor did she guarantee that she would maintain the property. Under the terms of the lease, it was Smith's sole responsibility to maintain the property during his tenancy.[6] The other exception, the presence of a latent defect, is also inapplicable in this case. Chianca claims that Hannah should be liable because this was a preexisting, latent defect. But, the lack of a step or rail should not be characterized as a latent defect; it was visible condition of the property.

The remaining issue for this Court, therefore, is whether, as owner of the property, Hannah had a duty to warn invitees about the drop-off as a "dangerous condition." As indicated in *Coffin*, Hannah had no duty to warn Chianca about the drop-off if it was "open and obvious." The drop-off was readily observable and not such a significant hazard that Ms. Hannah should have anticipated the harm.

---

[5]     Although *Coffin* involves an on-the-job injury, its analysis of tort claims of invitees is applicable in the instant case.

[6]     Chianca has not alleged that Hannah had any control over the property while Smith was her tenant. Her argument focuses on the allegedly unsafe condition and the alleged duty to warn.

The entry will be as follows:

Ms. Hannah's Motion for Summary Judgment is Granted; judgment will enter for Ms. Hannah on Ms. Chianca's complaint.

The clerk may incorporate this order in the docket by reference.

Dated:       January 17, 2007

G. Arthur Brennan
Justice, Superior Court

Gerald V. May, III, Esq. - PL
Richard P. Olson, Esq.   -   PL
Erica M. Johanson, Esq. - DEF. VALERIE HANNAH
Kenneth D. Pierce, Esq. - DEF. VALERIE HANNAH
Robert M. Morris, Esq. - DEF.  KIMBARK SMITH
Theodore Irwin, Esq. - DEF. KIMBARK SMITH

5

STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                    DOCKET NO. CV-05-338
                                             GAB - YOR-9/4/2002

BETH CHIANCA,

        Plaintiff

        v.                          ORDER
                                                DOM----
                                                        ----RECHT
VALERIE S. HANNAH, et al.,                            -----ARY

        Defendants                              JAN 1 5 2008

        This matter comes before the Court on Defendant Smith's Motion for Summary

Judgment and Defendant Hannah's Motion for Summary Judgment on Defendant

Smith's cross-claim pursuant to M.R. Civ. P. 56.

                        **FACTUAL BACKGROUND**

        Plaintiff Elizabeth Chianca ("Chianca"), a Massachusetts resident, fell while

visiting Defendant Kimbark Smith ("Smith"), a Massachusetts resident, at 15 Casco

Drive in Ocean Park, Maine.  Smith leased the Casco Drive property, described as a

"summer cottage," from Defendant Valerie Hannah ("Hannah"), a Maryland resident.[1]

Smith's lease was a rent-to-own agreement that was to run from April 2004 to March

2008, with an option for Smith to buy the property at the end of the term.  The

agreement required Smith to maintain the premises.[2]  Hannah's responsibilities

---

[1]     Hannah is elderly and primarily manages her affairs through her daughter, Judith Hannah,
under a 1999 power of attorney.

[2]     2004 Lease and Purchase Agreement, ¶ 8.

included payment of taxes and insurance, and approval of changes Smith might make to the property; apparently, she did not personally enter the house after leasing it.

On September 4, 2004, Chianca went to visit Smith's cottage with her sister, who was his friend. When she arrived, Smith put her bags in her bedroom. Chianca entered the kitchen, with her sister and Smith nearby. Ten to fifteen minutes after arriving, Chianca walked through a doorway located off of the kitchen to enter the porch. As she stepped down from the kitchen to the porch, Chianca fell between the two areas, injuring her ankle. Chianca claims that there is an approximately twelve to fourteen inch drop between the kitchen floor and porch, and that the drop-off was not obvious to her before she fell. Also, she argues that there should have been an additional step or a railing due to the distance between the kitchen and porch floors. After her fall, Smith took her to Southern Maine Medical Center, where she remained for several days. Chianca alleges that, as a result of her fall, she sustained a fractured ankle and other injuries, which required her to undergo forty-five physical therapy appointments, along with five visits to an orthopedic surgeon. Chianca is still in treatment and experiences chronic pain; she states that she may have permanent damage to her ankle, impacting her gait. To date, she has incurred approximately $30,000 in medical expenses. As a result of her injuries, Chianca also claims that she has incurred lost wages in the amount of $4,756.78.

In November 2005, Chianca filed a complaint for premises liability against Hannah and Smith. Defendant Hannah raised the affirmative defenses of comparative fault, failure to mitigate damages, a preexisting condition that proximately caused the harm, and intervening or superseding causes. Smith answered and also filed a cross-claim against Hannah for contribution and indemnification. Hannah then moved for summary judgment on Chianca's complaint. This Court granted Hannah's motion for

2

summary judgment on January 17, 2007, finding that she was not liable for Chianca's injuries because, as landlord, she had no duty to warn Chianca of an open and obvious danger.[3] Hannah now moves for summary judgment on Smith's cross-claim for contribution and indemnification. Smith moves for summary judgment on Chianca's complaint.[4]

## DISCUSSION

### 1. Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575.

### 2. Defendant Hannah's Motion for Summary Judgment on the Cross-Claim for Contribution and Indemnification.

Defendant Hannah contends that because this Court granted her motion for summary judgment, she cannot be liable for contribution and indemnification should judgment enter against Defendant Smith. While Smith filed an opposing statement of material facts in response to the statement of material facts that Hannah filed, Smith has not otherwise opposed this argument.

---

[3] The Law Court dismissed an appeal of this decision as interlocutory on March 6, 2007.

[4] In her opposition to Smith's motion, Chianca also asks this Court to reconsider its earlier finding that the danger was "open and obvious" because, she contends, this is a factual issue. The Court denies the request for reconsideration.

It is well-settled that "[a] defendant in a contribution action cannot be required to contribute to damages owed by another tortfeasor unless the contribution defendant has been found to have been a cause of the damages to the original injured party through the contribution defendant's own negligence." *Thermos Co. v. Spence*, 1999 ME 129, ¶ 13, 735 A.2d 484, 487. Because this Court has already determined that Hannah had no duty to warn invitees such as Chianca of open an obvious dangers and, therefore, she was not negligent, there is no basis upon which she could be forced to contribute to any damages that Smith might owe Chianca.

Also, indemnification is used "to do justice within the law so that one guilty of an active or affirmative act of negligence or intentional act will not escape liability, while another whose fault was only technical or passive assumes complete liability." *Daigle Commercial Group v. St. Laurent*, 1999 ME 107, ¶ 26, 734 A.2d 667, 676 (citations omitted). Since Hannah was not negligent, she will not be required to indemnify Smith. Hannah's motion for summary judgment on Smith's cross-claim is Granted.

3. <u>Defendant Smith's Motion for Summary Judgment on Chianca's Complaint.</u>

Premises liability claims are based on the theory that a property owner may be liable if she breaches her duty of care to keep the premises reasonably safe for invitees. This Court has already determined that Hannah is not liable for Chianca's fall because, as *landlord*, she had no duty to warn Hannah of open and obvious dangers on the land. The question then becomes whether Smith, as tenant, had any duty to warn Chianca about the drop-off. This inquiry turns on whether Smith, the *possessor* of the property at the time of the fall, should have been able to anticipate that Chianca could fall even though the step was an open and obvious danger.

4

The Law Court has stated that "[o]nce a tenant has taken possession of the property, he becomes the owner and occupier and is subject to the liabilities of one in possession." *Hankard v. Beal*, 543 A.2d 1376, 1378 (Me. 1988). But, the Court also has held that "[a] landowner has no duty to warn invitees of open and obvious dangers on the property unless the possessor should anticipate the harm despite the knowledge or obviousness of the harm to the invitee." *Coffin v. Lariat Assocs.*, 2001 ME 33, ¶ 12, 766 A.2d 1018, 1020 (*citing Williams v. Boise Cascade Corp.*, 507 A.2d 576, 577 (Me. 1986); RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965)). In *Williams*, the Court explained that a landowner could anticipate harm to an invitee when "the invitee will nevertheless encounter the condition because it is advantageous to do so, or…[because] the invitee is likely to be distracted." 507 A.2d at 577 (*citing* RESTATEMENT (SECOND) OF TORTS § 343A(1) cmt. f (1965)).

Smith contends that he owed no duty to Chianca because he did not have exclusive control over the premises. In support, he notes that his lease required Hannah's consent to make major modifications or renovations to the property, and he contends that altering the step down would have been a modification requiring consent. But, his degree of control over the property is irrelevant to the issue of whether he should have foreseen the harm. Even assuming that modifying the step would have required Hannah's consent, under the terms of the lease, it was Smith's sole responsibility to maintain the property during his tenancy, or to warn invitees of potential hazards, even though they may be obvious.

The major issue here is whether, as the tenant, Smith should have foreseen that Chianca could fall, despite the openness and obviousness of the drop-off, given that this was Chianca's first visit to the property and she may have been distracted. As the tenant currently living on the premises, Smith was in the best position to know that the

5

porch entrance involved a significant step down. Although the parties agree that the step was not a latent defect, examining the facts in the light most favorable to Chianca, a genuine issue of material fact remains as to whether Smith could or should have anticipated that Chianca might fall. This issue cannot be resolved at summary judgment, and Smith's motion is Denied.

## CONCLUSION

This Court Grants Hannah's motion for summary judgment on Smith's cross-claim and Denies Smith's motion for summary judgment on Chianca's complaint.

Dated:_____

G. Arthur Brennan
Justice, Superior Court

Gerald V. May, III, Esq. - PL
Richard P. Olson, Esq. - PL
Kenneth D. Pierce, Esq. - DEF. VALERIE HANNAH
Erica Johanson, Esq. - DEF. VALERIE HANNAH
Robert M. Morris, Esq. - DEF. KIMBARK SMITH
Theodore Irwin, Esq. - DEF. KIMBARK SMITH

6