STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-CV-15-488

CHRISTOPHER PAPKEE and
PATRICIA PAPKEE,

        Plaintiffs,

        v.

QUINTEL IV, LLC d/b/a
McDONALD'S,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

STATE OF MAINE
Cumberland. ss. Clerk's Office

AUG 08 2016

RECEIVED

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Quintel IV, LLC has moved for summary judgment on Plaintiffs Christopher and Patricia Papkee's claims for premises liability due to negligence and loss of consortium. The motion is opposed by Plaintiffs. The court elects to decide the motion without oral argument, *see* M.R. Civ. P. 7(b)(7).

Based on the entire record, Defendant's motion for summary is granted.

### I. Background

For the purposes of summary judgment, the following facts are not in dispute. Plaintiffs Christopher and Patricia Papkee are husband and wife. (Pls. Add'l S.M.F. ¶ 12; Def. Reply S.M.F. ¶ 12.) On November 9, 2009, Mr. Papkee stopped lunch at a McDonald's restaurant operated by Defendant located on St. John Street in Portland, Maine (the "St. John Street McDonald's"). (*Id.* ¶ 13.) After ordering food, Mr. Papkee went to the restroom in the restaurant. (*Id.* ¶ 14.) When Mr. Papkee began to pull toilet paper from the toilet paper dispenser, Mr. Papkee felt a sharp object poke his hand. (*Id.* ¶ 15.) When Mr. Papkee removed his hand a hypodermic and syringe needle fell out of the dispenser and jabbed his hand again. (*Id.* ¶ 16.) The syringe of the needle appeared to contain blood. (*Id.* ¶ 17.) Mr. Papkee alerted

1

an employee or manger who in the restroom at that time. (*Id.* ¶¶ 20-21.) A janitor opened the toilet paper dispenser and found a spoon with a white powdery substance on it. (*Id.* ¶ 22.) Mr. Papkee sought medical treatment was prescribed medications to reduce the risk of contracting HIV/AIDS. (*Id.* ¶¶ 25, 27.) Mr. Papkee suffered a number of side effects from the medication and other pain and suffering and was unable to work as a result of the incident. (*Id.* ¶¶ 28-31.)

Plaintiffs' two-count complaint, filed October 30, 2015, alleges that Defendant is liable for premises liability and loss of consortium. Plaintiffs amended their complaint on December 7, 2015, but did not change the theories of liability. Defendant moved for summary judgment on all of Plaintiffs' claims on June 3, 2016. Plaintiffs filed their opposition to summary judgment on July 1, 2016.[1] After an enlargement of time, Defendant filed its reply on July 15, 2016.

*II. Analysis*

A.    Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the [fact finder] must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

---

[1] Maine Rule of Civil Procedure 7 provides that an opposition to a motion for summary judgment shall be filed no later than 21 days after the filing of the motion. M.R. Civ. P. 7(c)(2). Accordingly, Plaintiffs' opposition was due no later than June 24, 2016. On June 27, 2016, the court received a letter from Plaintiffs informing the court that Defendant had agreed to a seven-day extension of time for Plaintiffs to file its opposition. Plaintiffs did not seek an enlargement of time to file their opposition from the court.

[2] Further, even if Mr. Papkee's belief was supported by admissible evidence, Plaintiffs concede that

2

If the moving party's motion for summary judgment is properly supported, the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). "To withstand a motion for summary judgment, the plaintiff must establish a prima facie case for each element of their cause of action." *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (internal citation and quotation marks omitted). If a plaintiff fails to present sufficient evidence on the essential elements, then the defendant is entitled to a summary judgment. *Id.*

Maine Rule of Civil 56 requires that motions for and opposition to summary judgment must be supported separate, short, and concise statements of material facts. M.R. Civ. P. 56(h)(1)-(2). Each assertion of fact set forth in a statement of material facts must be supported by a citation to the specific page or paragraph of identified record evidence supporting the assertion. M.R. Civ. P. 56(h)(4). The record evidence cited must be "of a quality that could be admissible at trial." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6, 770 A.2d 653. The court may disregard any assertions of fact not properly supported. M.R. Civ. P. 56(h)(4).

B.    Premises Liability

Count I of the complaint sets forth a claim against Defendant for premises liability.

"The elements of premises liability, as with any claim for negligence, include: (1) duty, (2) breach of that duty, (3) causation, and (4) harm to the plaintiff." *Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577. A possessor of land owes a duty of reasonable care to provide safe premises to all persons lawfully on the land and to guard against all reasonably foreseeable dangers. *Coffin v. Lariat Assocs.*, 2001 ME 33, ¶ 8, 766 A.2d 1018. A possessor of land breaches that duty and is liable for any physical harm caused to persons lawfully on the land by a dangerous condition on the land if: (a) the possessor of land knew or by the exercise of reasonable care should have discovered the dangerous condition and should have realized that

it involved an unreasonable risk of harm to others; (b) the possessor of land should have expected that others would not discover the danger or would fail to protect themselves; and (c) the possessor of land fails to exercise reasonable care to protect others against the danger. *Isaacson v. Husson Coll.*, 297 A.2d 98, 104-05 (Me. 1972) (adopting Restatement (Second) of Torts § 343 (1965)).

For the reasons set forth below, the court concludes that Plaintiffs have failed to put forth prima facie evidence that Defendant has breached a duty of care in order to avoid summary judgment. Plaintiffs have not set forth any material facts in their opposition to summary judgment that demonstrate when or how the syringe and needle got into the toilet paper dispenser, and therefore have not made a prima facie showing that Defendant knew of or should have discovered the needle in the toilet paper dispenser.

First, Plaintiffs admit that they have no personal knowledge regarding who placed the needle in the toilet paper dispenser. (Pls. Opp. S.M.F. ¶¶ 4-5.) However, Plaintiffs assert that they have "reason to believe that an employee was responsible for placing the needle in the bathroom only to return to use it." (*Id.* ¶ 5.) Plaintiffs' assertion is not supported by admissible evidence. Mr. Papkee testified at deposition that his belief that an employee placed the needle in the dispenser is based on the speculation of other persons and that he had no personal knowledge or information to support his suspicion. (C. Papkee Dep. 18:22-19:7, 21:15-25, 23:10-24:1.) To be admissible at trial, a witness's testimony must be based on the witness's own personal knowledge. M.R. Evid. 602. Because Mr. Papkee's testimony is not based on personal knowledge, Plaintiffs' assertion is not supported by sufficient evidence.[2]

---

[2] Further, even if Mr. Papkee's belief was supported by admissible evidence, Plaintiffs concede that whoever placed the needle in the dispenser was not acting on behalf of or for the benefit of Defendant. (Def. Supp. S.M.F. ¶ 8; Pls. Opp. S.M.F. ¶ 8.) Thus, there is no genuine issue of fact that, even if an employee had placed the needle in the dispenser, the employee would have been acting outside the scope of their employment and their actions could not be imputed to Defendant. *See Spencer v. V.I.P., Inc.*, 2006

Second, although Plaintiffs admit that they have no personal knowledge of how long the needle had been in the toilet paper dispenser, Plaintiffs assert that there is evidence in the record demonstrating that Defendant had actual knowledge of the needle in the toilet paper dispenser. (Pls. Opp'n to Def. Mot. Summ. J. 5.) Plaintiffs assert that there was an employee or manager in the bathroom at the time the incident occurred, there were a manager and a janitor working at the time of the incident, and the toilet paper roll in the dispenser was approximately three-quarters full at the time of the incident. (Pls. Opp. S.M.F. ¶¶ 6, 11; Pls. Add'l S.M.F. ¶¶ 20, 21, 24.)

None these facts, however, demonstrate that Defendant had actual knowledge of the needle inside the toilet paper dispenser. The fact that a manager or employee was in the bathroom at the time of the incident does not, without more information, demonstrate that Defendant knew or should have known of the needle. There is no record evidence regarding what the manager or employee was doing in the bathroom, whether the manager or employee had used the toilet paper dispenser, or whether it was the manager or employee's responsibility to check the toilet paper dispenser. The fact that a manager and a janitor were working at that time of the incident, without more, also does not demonstrate that Defendant knew of the needle. There is no record evidence regarding when the manager or the janitor last inspected the toilet paper dispenser or how often the toilet paper dispenser is inspected or refilled.

Further, the fact that the toilet paper was less than full also does not demonstrate that Defendant knew of the needle in the toilet paper dispenser. Without evidence regarding when the toilet paper dispenser was last refilled or how quickly the toilet paper is used, the court cannot determine the evidentiary significance of how much toilet paper was left of the roll.

---

ME 120, ¶ 6, 910 A.2d 366. Thus, Defendant could not be charged with having knowledge of needle in the dispenser based on an employee's conduct. Therefore, even if Mr. Papkee's belief was supported by admissible evidence, it still would not constitute prima facie evidence that Defendant knew or should have known of the needle in the dispenser.

Therefore, these bare facts, without more information, do not demonstrate that Defendant knew of the needle in the dispenser and do not create a genuine issue of fact for trial.

Lastly, Plaintiffs argue that there is a genuine issue of material fact regarding whether Defendant has constructive knowledge of or should have known about the risk that needles could be placed in the toilet paper dispenser. (Pls. Opp'n to Def. Mot. Summ. J. 5-6.) Plaintiffs assert that the St. John Street McDonald's is located in "an area with recurring drug issues, including drug use and transactions, [and] was notorious for drug use." (Pls. Add'l S.M.F. ¶ 18.) Plaintiffs assert that several medical professionals and friends told them about instances of drug use in the area of the St. John Street McDonald's. (*Id.* ¶ 19.)

Plaintiffs argue that, because the area around the St. John Street McDonald's is allegedly an area with high instances of drug use, Defendant had constructive knowledge of or should have known about risk that needles could be placed in the toilet paper dispenser and ignored the risk. (Pls. Opp'n to Def. Mot. Summ. J. 6.) Plaintiffs cite Mrs. Papkee's deposition testimony in support of its assertion that the area around the St. John Street McDonald's is an area with recurring drug issues. (Pls. Add'l S.M.F. ¶¶ 18-19.) At deposition, Mrs. Papkee testified that her testimony was based on what she was told by a friend and what nurses had told Mr. Papkee after the incident. (P. Papkee Dep. 8:18-12:9.)

Plaintiffs' assertion is not supported by admissible evidence. To be admissible at trial, a witness's testimony must be based on the witness's own personal knowledge. M.R. Evid. 602. Additionally, the statements of other persons the area around the St. John Street McDonald's is located in an area with recurring drug issues constitute inadmissible hearsay. M.R. Evid. 801, 802. Because Mrs. Papkee's testimony is not based on personal knowledge and statements of other persons constitute inadmissible hearsay, Plaintiffs' assertion that the St. John Street

6

McDonald's is located in an area with recurring drug issues is not supported by sufficient evidence.[3]

The record presently before the court lacks any evidence demonstrating that Defendant had knowledge of the hypodermic needle in the toilet paper dispenser, that the needle was in the dispenser long enough for the Defendant to have discovered the danger, or that Defendant had any knowledge of the risk that a needle could be placed in the dispenser. Thus, Plaintiffs have failed to set forth any evidence that Defendant knew or, by the exercise of reasonable care, should have discovered the dangerous condition. Therefore, Plaintiffs have failed to establish a genuine issue of material regarding the element of breach.

Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claim for premises liability.

C.    Loss of Consortium

Count II of Plaintiffs' complaint sets forth a claim for loss of consortium against Defendant. Loss of consortium is a statutorily created claim intended to compensate for a person's injuries that are the result of injuries to the person's spouse. *Grant v. Foster Wheeler, LLC*, 2016 ME 85, ¶ 14 n.5, __ A.3d __ . Although a loss of consortium claim may be brought independently, a loss of consortium claim necessarily arises from the tortious conduct against the spouse. *Id.* Without evidence that a defendant is liable for the spouse's injuries, a plaintiff cannot recover for loss of consortium. *Id.*

Because Plaintiffs have failed to set forth prima facie evidence that Defendant breached a duty of care to Mr. Papkee, Defendant cannot be held liable to Mrs. Papkee for loss of

---

[3] Moreover, even if true, Plaintiffs' assertion still does not create a genuine issue of fact for trial. Plaintiffs have not put forth any evidence that Defendant should have known of or discovered the risk that a hypodermic needle might be placed inside a toilet paper dispenser. Thus, even if Defendant knew or should have known that the area surrounding the St. John Street McDonald's is known for recurring drug use, there is still no evidence in record that Defendant knew of, should have known about, or should have discovered the risk that needles could be placed in the toilet paper dispenser.

7

consortium. Therefore, Defendant is also entitled to summary judgment on Plaintiffs' claim for loss of consortium.

*III. Conclusion*

Based on the entire record, Plaintiffs have failed to set forth admissible evidence sufficient to make a prima facie showing that Defendant breached a duty of care to Plaintiff Christopher Papkee. Therefore, there is no genuine issue of fact for trial and Defendant Quintel IV, LLC is entitled to summary judgment on Plaintiffs' claims for premises liability and loss of consortium.

It is hereby ORDERED AND ADJUDGED AS FOLLOWS:

Defendant Quintel IV, LLC's motion for summary judgment on the Amended Complaint of Plaintiffs Christopher and Patricia Papkee is granted. Judgment on the Plaintiffs' claims is hereby granted to Defendant, along with its recoverable costs as the prevailing party.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated August 8, 2016

_____
A.M. Horton
Justice, Superior Court