STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. CV-14-0218

DEANNA VIGLIOTTA,

        Plaintiff,

v.

CHERIE DITOMASSO,

        Defendant.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT

## I. Background

### A. Procedural History

This case involves a claim for damages arising out of a dog bite. On November 6, 2014, Plaintiff Deanna Vigliotta brought a complaint for negligence against Defendant Cherie Ditomasso. Plaintiff later filed an amended complaint, which added claims for common law strict liability and statutory liability pursuant to 7 M.R.S. § 3961(1) (2011). Defendant was initially defaulted. However, the parties agreed to lift the entry of default. Defendant answered the complaint on April 16, 2015. The parties engaged in mediation on September 22, 2015, but failed to resolve the dispute. Plaintiff filed a motion for partial summary judgment on the issue of liability on July 3, 2016. The court granted Defendant two extensions of the deadline to respond to the motion. On August 22, 2016, Defendant filed her opposition.

### B. Facts

Plaintiff is Defendant's niece. (Def.'s Add. S.M.F. ¶ 3; Pl.'s Rep. Opp. ¶ 3.) In December 2010, Defendant got a six-week old Saint Bernard puppy. (Def.'s Add. S.M.F. ¶ 1; Pl.'s Rep. Opp. ¶ 1.) Defendant named the puppy Bruce ("the dog"). (Pl.'s S.M.F. ¶

1

2; Def.'s Opp. S.M.F. ¶ 2.) From December 2010 until the fall 2011, Plaintiff visited Defendant's house once a week and played with the dog during the visits. (Def.'s Add. S.M.F. ¶¶ 4-11; Pl.'s Rep. Add. S.M.F. ¶¶ 4-11.) There were no problems between the dog and Plaintiff during those visits. (Def.'s Add. S.M.F. ¶ 9; Pl.'s Rep. Add. S.M.F. ¶ 9.) On December 23, 2011, Plaintiff visited Defendant's residence. (Pl.'s S.M.F. ¶ 3; Def.'s Opp. S.M.F. ¶ 3.) While at her aunt's home, the dog bit Plaintiff's hand. (Pl.'s S.M.F. ¶¶ 3-5; Def.'s Opp. S.M.F. ¶¶ 3-5.) Plaintiff sustained injuries to her right hand as a result of the bite. (Pl.'s S.M.F. ¶ 5; Def.'s Opp. S.M.F. ¶ 5.)

It was not the first time the dog bit a person. (Pl.'s S.M.F. ¶ 7; Def.'s Opp. S.M.F ¶ 7.) On May 22, 2011, Defendant observed the dog nip or mouth at a veterinarian's assistant when he was at a pet store clinic for a rabies shot. (Pl.'s S.M.F. ¶¶ 7-9; Def.'s Opp. S.M.F. ¶ 7-9.) Following the incident, the clinic veterinarian advised Defendant she should get the dog training. (Pl.'s S.M.F. ¶ 10; Def.'s Opp. S.M.F. ¶ 10.) On June 12, 2011, Defendant returned to the clinic with the dog for a booster shot. (Pl.'s S.M.F. ¶ 11; Def.'s Opp. S.M.F. ¶ 11.) The veterinarian who had given the dog a shot on May 22nd also saw the dog on the June 12th visit. (Pl.'s S.M.F. ¶ 13; Def.'s Opp. S.M.F. ¶ 13.) Prior to administration of the booster shot, the dog bit the veterinarian. (Pl.'s S.M.F. ¶ 12; Def.'s Opp. S.M.F. ¶ 12.) Defendant observed the dog bite the veterinarian's hand. (Def.'s Add. S.M.F. ¶ 22; Pl.'s Rep. Opp. ¶ 22.) After the June 12th incident, the police instructed Defendant to quarantine the dog and also told her the dog needed to receive training. (Pl.'s S.M.F. ¶¶ 14-15; Def.'s Opp. S.M.F. ¶¶ 14-15.) Defendant did not get the dog any formal training before he bit Plaintiff. (Pl.'s S.M.F. ¶ 16; Def.'s Opp. S.M.F. ¶ 16.) Plaintiff was never told prior to being bitten that the dog had bit other people. (Pl.'s S.M.F. ¶ 17; Def.'s Opp. S.M.F. ¶ 17.)

2

## II. Conclusions

### A. Summary Judgment Standard

The court will grant "summary judgment if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "When the plaintiff is the moving party on a motion for summary judgment, the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record." *North Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278. A material fact is one that "has the potential to affect the outcome of the suit." *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169 (quoting *Vinick v. Commissioner of Internal Revenue,* 110 F.3d 168, 171 (1st Cir. 1997)). The court views the evidence in the light most favorable to the non-moving party. *Diversified Foods, Inc. v. First Nat'l Bank*, 605 A.2d 609, 612 (Me. 1992). "The summary judgment process . . . is not a substitute for trial. If material facts are disputed, the dispute must be resolved through fact-finding . . . ." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18.

### B. Common Law Negligence

Maine recognizes a common law negligence claim for damages caused by a dog. *Morgan v. Marquis*, 2012 ME 106, ¶ 10, 50 A.3d 1. The elements of common law negligence are "duty, breach, and causation." *Id.* One has a duty to protect others "from an unreasonable risk of harm posed by the foreseeable actions of their dog." *Id.* One also has "a duty of reasonable care to provide safe premises to all persons lawfully on the land, and a duty to use ordinary care to ensure the premises are safe and to guard against all reasonably foreseeable dangers, in light of the totality of the circumstances." *Coffin v. Lariat* Assocs., 2001 ME 33, ¶ 8, 766 A.2d 1018. One breaches a

3

duty of care when he or she fails to exercise due care. *See Morgan*, 2012 ME 106, ¶ 10, 50 A.3d 1. "[A] reasonable person is required to know the habits and propensities of animals and, insofar as that knowledge would lead him to identify as customary or normal a particular action on the part of an animal, he is required to anticipate that act and provide against it." *Henry v. Brown*, 495 A.2d 324, 327 (Me. 1985) (citing Restatement (Second) of Torts § 302). Whether or not Defendant exercised due care is a question of fact not properly determined at the motion for summary judgment stage. *Parrish v. Wright*, 2003 ME 90, ¶ 18, 828 A.2d 778; *see also Mastriano v. Blyer*, 2001 ME 134, ¶ 12, 779 A.2d 951 ("Generally, the duty . . . can be readily identified, leaving only the question of breach for the factfinder."). "[S]ummary judgment . . . is almost always inappropriate in negligence cases . . . since the jury must perform its unique function of applying the reasonable man standard to the facts of the case." 3 Harvey & Merritt, *Maine Civil Practice* 223 (3d, 2011 ed.). In this matter, there is no dispute that Defendant knew the dog had previously bit a veterinarian and nipped at the veterinarian's assistant. However, it is for the jury to decide whether a reasonable person with such knowledge should have anticipated the dog would bite a family member in its home and should have taken action to prevent such an incident. Therefore, Plaintiff is not entitled to summary judgment on her claim against Defendant for common law negligence.

### C. Statutory Liability

"When an animal damages a person . . . due to *negligence* of the animal's owner or keeper, the owner or keeper of that animal is liable in a civil action to the person injured for the amount of damage done if the damage was not occasioned through the

fault of the person injured." 7 M.R.S. § 3961(1) (2011) (emphasis added).[1] Plaintiff must still demonstrate Defendant was negligent in order to prevail on her statutory claim. As discussed above, whether Defendant breached a duty owed to Plaintiff is a question of fact. Therefore, summary judgment is similarly inappropriate on Plaintiff's statutory claim.

### D. Strict Liability

Maine follows "the Restatement (Second) of Torts § 509 to analyze common law strict liability for damages done by a dog," which states as follows:

Harm Done by Abnormally Dangerous Domestic Animals

(1) A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class, is subject to liability for harm done by the animal to another, although he has exercised the utmost care to prevent it from doing the harm.

(2) This liability is limited to harm that results from the abnormally dangerous propensity of which the possessor knows or has reason to know.

*Morgan*, 2012 ME 106, ¶ 7, 50 A.3d 1 (quoting Restatement (Second) of Torts § 509 (1977)). Dogs are presumed to be harmless and any dangerous characteristic is considered abnormal to their class. *Id.* ¶ 8 ("[T]he law does not recognize that pit bulls are *per se* abnormally dangerous to the class of domestic dogs, and '[t]here are no disputed facts suggesting that as to this dog . . . Defendants knew that the dog was or could be dangerous.'"); Restatement (Second) of Torts § 509 cmt. f (1977) (stating "The great majority of dogs are harmless, and the possession of characteristics dangerous to mankind . . . is properly regarded as abnormal to them.")

---

[1] Statutory liability for damage done by dogs appears to have once held owners and keepers of animals strictly liable, but statutory amendments have added a requirement that the owner or keeper was negligent before liability is imposed. *Compare* 7 M.R.S. § 3961 (1991) *with* 7 M.R.S. § 3961 (2011).

Strict liability will lie only when the damage caused by a dog was within the scope of the abnormal risk of which the possessor is aware. Restatement (Second) of Torts § 509 cmt. i (1977)). "It is not enough . . . that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do harm of the type that it inflicts." *Id.* cmt. g. In this case, Defendant observed the dog nip an assistant at a pet store veterinary clinic and, on a subsequent visit, observed the dog bite the veterinarian who had previously given him a shot. Defendant may have been aware her dog had an "abnormally dangerous propensity" to bite strangers outside the home, and in particular those working at a veterinary clinic. Plaintiff, a family member familiar to the dog, was bitten in the home. Whether the harm the dog caused was within the scope of abnormal risk of which Defendant was or should have been aware is for the jury to decide at trial, not the court on a motion for summary judgment.

## III. Order

For the foregoing reasons, Plaintiff Deanna Vigliotta's motion for partial summary judgment as to liability is DENIED.

**SO ORDERED.**

The clerk may incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: February 3, 2017

Wayne R. Douglas
Justice, Maine Superior Court

6

CV-14-218

ATTORNEYS FOR PLAINTIFF:
PETER THOMPSON
PETER THOMPSON AND ASSOCIATES
92 EXCHANGE STREET 2ND FLOOR
PORTLAND ME  04101

CHRISTIANA E MANN
RACHEL J DESCHUYTNEER
PETER THOMPSON AND ASSOCIATES
43 US RTE 1
FALMOUTH ME  04105

ATTORNEY FOR DEFENDANT:
KENNETH PIERCE
MONAGHAN LEAHY LLP
P O BOX 7046
PORTLAND ME  04112-7046